Filed 09/09/25


VERMONT SUPERIOR COURT

Windham Unit

7 Court Street

Newfane VT 05345

802-365-7979

www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-02939

## Jeffrey Rivard v. State of Vermont, et al.

# DECISION AND ORDER
# REGARDING
# DEFENDANTS' MOTION TO DISMISS

Plaintiff Jeffrey Rivard filed a complaint in this matter. The allegations relate to various criminal proceedings that are or were pending in the Windham and Bennington Units of the Criminal Division of the Vermont Superior Court. Defendant named Deputy State's Attorneys (DSAs) Dana Nevins and Robert Plunkett and the State of Vermont as Defendants. Defendants move to dismiss this matter on various grounds. Plaintiff has opposed the motion. Defendants Nevins, Plunkett and the State are entitled to absolute immunity for the prosecutors' acts associated with litigation or potential litigation of the criminal proceedings filed against Plaintiff Rivard. Plaintiff has further failed to state a claim upon which relief can be granted regarding DSA Nevins' involvement in the matter of *State v. Rivard*, No. 22-CR-02211. Defendants' motion is GRANTED.

A. Procedural history

On July 15, 2025, Plaintiff filed the complaint in this matter naming DSA Nevins, the State of Vermont and DSA Plunkett as defendants. Plaintiff further filed a 13 paragraph "Statement of Complaint" with the complaint form. The statement of complaint is typical of Defendant's pleadings in the Windham Unit of the Vermont Superior Court – the

complaint is "frequently opaque to the point of incomprehensibility." *State v. Rivard*, No. 24-CR-12633/12636/12639, Decision and Order regarding Representation of Defendant Jeffrey Rivard, at *6 (Vt. Super Ct., Windh. Crim. Div. July 17, 2025).

In paragraphs I-IV, Plaintiff alleged that DSA Nevins had initiated or continued multiple prosecutions of Plaintiff that were terminated in Plaintiff's favor. Plaintiff alleged that the proceedings were without probable cause and that DSA Nevins acted with "malice and/or improper motive."[1]

In paragraph V, Plaintiff made a series of allegation related to the matter of *State v. Rivard,* No. 1370-11-19 Wmcr – a prosecution for Domestic Assault. Plaintiff alleged that DSA Nevins disregarded plea offers from Plaintiff's counsel. Plaintiff's further allegations regarding DSA Nevins appear to relate to evidence adduced at trial.

In paragraph VI, Plaintiff alleges DSA Nevins engaged in various conduct regarding a matter that is allegedly expunged including selecting a jury and subsequently dismissing the matter.

In paragraph VII, Plaintiff alleges that DSA Nevins filed a criminal matter and that a judge did not find probable cause for the charge.

In paragraph VIII, Plaintiff alleges that a matter was filed by a different Windham County Deputy State's Attorney and was then transferred to Bennington County where it was prosecuted by DSA Plunkett. Plaintiff alleges that the matter resolved for a plea to a lesser charge. Plaintiff alleges that DSA Plunkett sought competency and sanity evaluations in the case and subsequently opposed expungement of the criminal history record in the matter.

In paragraph IX, Plaintiff makes further allegations regarding the Bennington matter – *State v. Rivard*, No. 22-CR-02211. Plaintiff alleges that DSA Nevins – the victim in that

---

[1] The court summarizes and takes as true the nonconclusory allegations of the complaint.

matter – made inconsistent statements regarding whether and to what extent he had been injured by Plaintiff.

In paragraph X, Plaintiff alleges that DSA Nevins "initiated prosecution" of a matter that resolved with a plea three years later. Plaintiff alleges that DSA Nevins engaged in "stacking of charges" in the matter.

In paragraph XI, Plaintiff alleges that DSA Nevins "initiated prosecution" of another matter that resolved with a plea.

In paragraph XII, Plaintiff alleged that there are "pending multiple frivolous criminal charges." The paragraph makes no allegation regarding DSA Nevins or DSA Plunkett.

In paragraph XIII, Plaintiff alleges errors by DSA Nevins in the preparation of a plea agreement.

B. Defendants' motion and Plaintiff's memorandum in opposition

On August 5, 2025, Defendants moved to dismiss. Defendants noted that "this civil suit, another of many, again attempt[s] to sue prosecutors for their role in criminal cases filed against him." Motion at 1. Defendants sought dismissal pursuant to V.R.C.P. 12(b)(1) & (6). Defendants argued that DSA Nevins and Plunkett are entitled to absolute prosecutorial immunity.[2] Defendants argued that the claims against the State – which were derivative of the claims against DSA Nevins and Plunkett – were similarly barred by immunity and further barred by sovereign immunity.[3] Finally, Defendants noted that Plaintiff's claims were barred by both issue and claim preclusion.[4]

---

[2] Motion at 3-5.

[3] Motion at 5-8.

[4] Motion at 8-10.

Plaintiff filed a memorandum in opposition on August 10, 2025. Plaintiff responded to Defendants' motion as if it was a motion for summary judgment – it was not. Many of Defendants arguments restated the substance of the allegations in the complaint. Some, however, did not.

C. Motions to dismiss for failure to state a claim

Motions to dismiss for failure to state a claim are disfavored - dismissal is proper only when it is beyond doubt that there exist no facts or circumstances, consistent with the complaint that would entitle the plaintiff to relief. *Union Mut. Fire Ins. Co. v. Joerg,* 2003 VT 27, ¶ 4. In reviewing such a motion to dismiss, this court must take all facts alleged in the complaint as true. *Amiot v. Ames,* 166 Vt. 288, 291 (1997). However, the court is "not required to accept as true conclusory allegations or legal conclusions masquerading as factual conclusions." *Vitale v. Bellows Falls Union High Sch.*, 2023 VT 15, ¶ 28. The court cannot generally consider facts or matters outside the complaint in ruling on the motion. V.R.C.P. 12(b). However,

> [w]here a complaint ⋯ "relies upon a document," it "merges into the pleadings and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." *Kaplan v. Morgan Stanley & Co., Inc.*, 2009 VT 78, ¶ 10 n.4, 186 Vt. 605 (mem.) (quotation omitted) (explaining that trial court properly relied on entirety of town plan where plaintiff specifically referred to it in complaint but did not attach full text). A court is not obligated to accept allegations in the complaint purporting to tell it how to interpret such a document, although any ambiguities must be construed in the plaintiff's favor. *Davis v. Am. Legion, Dep't of Vt.*, 2014 VT 134, ¶ 13, 198 Vt. 204.

*Pigeon v. Stone*, 2025 WL 1913248, at *5 (Vt. July 11, 2025) (unpub. mem.).

A pleading setting forth a claim for relief "shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." V.R.C.P. 8(a). The Rule requires "a statement clear enough

'to give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests.'" Reporter's Notes, V.R.C.P. 8 (quoting *Conley v. Gibson,* 355 U.S. 41 (1957)). See also *Wool v. Menard*, 2018 VT 23, ¶ 16. The failure to cite a statute does not affect the merits of the complaint – the factual allegations are what is relevant. *Id.* A court generally reads a self-represented plaintiff's submissions "liberally," interpreting them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted). However, while a self-represented litigant is entitled to some leeway, the litigant must still comply with procedural rules. *Zorn v. Smith*, 2011 VT 10, ¶ 22.[5]

### D. Prosecutorial immunity

It is well settled that the State and its prosecutors enjoy absolute immunity from civil suits for pursuing criminal prosecutions. This immunity encompasses only acts closely associated with litigation or potential litigation, but does not cover administrative functions or investigative functions that are not a part of the judicial function. *Huminski v. Lavoie*, 173 Vt. 517, 520 (2001). Thus, the immunity "does not protect judicial officers acting *clearly beyond* the reach of their office and jurisdiction." *Levinsky v. Diamond*, 140 Vt. 595, 601-02 (1982) (emphasis supplied). However, "acts which are only in excess of jurisdiction, such as those ordinarily justifying a dismissal of a criminal complaint on challenge by proper motion, are not, without more, clearly outside the jurisdiction of a prosecutor." *Polidor v. Mahady*, 130 Vt. 173, 175 (1972). The immunity extends to all acts associated with a prosecutor's litigation of a matter. Thus,

> conduct protected by absolute immunity is not limited only to the act of
> initiating judicial proceedings itself and to conduct occurring in the

---

[5] The Vermont Superior Court has repeatedly found that Defendant has disregarded or failed to comply with procedural rules and orders of the court. *See, e.g., State v. Rivard*, No. 24-CR-12633/12636/12639, Decision and Order regarding Representation of Defendant Jeffrey Rivard (Vt. Super Ct., Windh. Crim. Div. July 17, 2025); *State v. Rivard*, No. 1370-11-19 Wmcr, Entry Regarding Motion (Vt. Super. Ct., Windh. Crim. Div. June 25, 2025).

courtroom, but instead includes all actions which occur in the course of the prosecutor's role as an advocate of the State. Thus, prosecutors are absolutely immune even for willful or malicious prosecutorial misconduct if it occurs in the exercise of their advocatory function.

*Singleton v. Cannizzaro*, 956 F.3d 773, 780 (5th Cir. 2020). The Seventh Circuit addressed the scope of immunity in the context of allegedly reprehensible prosecutorial misconduct in *Soulier v. Haukaas*, 477 F. App'x 388 (7th Cir. 2012), noting

prosecutors are entitled to absolute immunity from civil liability ⋯ for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of a state's case at trial, and other conduct intimately associated with the judicial phase of the criminal process. *Buckley v. Fitzsimmons,* 509 U.S. 259, 269–70 (1993). This functional approach "focuses on the conduct for which the immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." *Buckley,* 509 U.S. at 271. When Haukaas allegedly agreed to drop the remaining charges if Soulier pleaded no contest to battery, left the county, and kept the deal secret, he was essentially plea bargaining, and that is a core prosecutorial function protected by absolute immunity. *Mendenhall v. Goldsmith,* 59 F.3d 685, 691 (7th Cir.1995). Although Haukaas's abuse of plea-bargaining power, if true, was reprehensible, he is entitled to immunity because plea bargaining is intimately associated with a prosecutorial function. See *Imbler v. Pachtman,* 424 U.S. 409, 413 (1976) (absolute immunity barred claim that prosecutor knowingly used false testimony and suppressed material evidence at trial); *Cady v. Arenac Cnty.,* 574 F.3d 334, 340–41 (6th Cir.2009) (absolute immunity bars § 1983 suits arising out of even unquestionably illegal or improper conduct if the challenged action is part of the normal duties of the prosecutor); *Peay v. Ajello,* 470 F.3d 65, 67–68 (2d Cir.2006) (absolute immunity barred claim that prosecutor conspired to fabricate evidence, withhold exculpatory evidence, and intimidate defendant into accepting plea). And other means of

correcting injustice, such as the criminal prosecution Haukaas already faced as well as professional discipline, are available to hold accountable prosecutors who abuse their power. See *Imbler,* 424 U.S. at 428–29.

*Soulier*, 477 F. App'x at 390–91. Thus, acts for which prosecutors are absolutely immune include the filing of charges and plea bargaining.

E. Issue and Claim Preclusion

Both issue and claim preclusion can be raised as grounds for dismissal pursuant to V.R.C.P. 12(b)(6). *Vermont Hum. Rts. Comm'n v. Town of St. Johnsbury*, 2024 VT 71, ¶ 20. Issue preclusion or collateral estoppel bars relitigation of an issue. *State v. Gurung*, 2025 VT 52, ¶ 24. Issue preclusion applies when:

(1) preclusion is asserted against one who was a party in the prior action; (2) the same issue was raised in the prior action; (3) the issue was resolved by a final judgment on the merits; (4) there was a full and fair opportunity to litigate the issue in the prior action; and (5) applying preclusion is fair.

*In re Cent. Vt. Pub. Serv. Corp.*, 172 Vt. 14, 20 (2001). See also *Echeverria v. Town of Tunbridge*, 2024 VT 47, ¶ 13 (same). Claim preclusion or res judicata

"bars litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter, and causes of action are identical or substantially identical." *Kellner v. Kellner*, 2004 VT 1, ¶ 8 (mem.) (quotation omitted). ⋯ Moreover, "[c]laim preclusion bars litigation of claims or causes of action which were or might properly have been litigated in a previous action." *State v. Dann*, 167 Vt. 119, 125 (1997) (quotation omitted).

*Knapp v. Dasler*, 2024 VT 65, ¶ 25, *cert. denied*, 2025 WL 1496514 (U.S. May 27, 2025). See also *Sutton v. Purzycki*, 2022 VT 56, ¶ 21.

F. Elements of the tort of malicious prosecution

To recover for a claim of malicious prosecution Plaintiff must establish that Defendants instituted proceedings against him (1) without probable cause, (2) with malice, and that (3) the proceedings terminated in Plaintiff's favor. *Anello v. Vinci*, 142 Vt. 583, 586-87 (1983). The third element requires that Plaintiff demonstrate that the action resolved on the merits in his favor – that the "final disposition is such as to indicate the innocence of the accused." *Murphy* v. *Lynn*, 118 F.3d 938, 948 (2d Cir. 1997). See also *Wyles v. Sussman, et al.*, 2025 WL 1733609, at *2 (10th Cir. June 23, 2025).

> When the proceeding terminates other than on the merits, the court must examine the reasons for termination to see if the disposition reflects the opinion of the court or the prosecuting party that the action would not succeed. If resolution of the underlying action leaves a residue of doubt about the plaintiff's innocence or liability, it is not a favorable termination sufficient to support a cause of action for malicious prosecution.

*Sierra Club Found. v. Graham*, 85 Cal. Rptr. 2d 726, 734 (Cal. Ct. App. 1999). "A dismissal resulting from negotiation, settlement or agreement is generally not deemed a favorable termination of the proceedings." *Maleti v. Wickers*, 298 Cal. Rptr. 3d 284, 304 (2022), *as modified on denial of reh'g* (Cal. Ct. App. Sept. 9, 2022).

G. Elements of the tort of abuse of process

Plaintiff's claim for abuse of process requires him to plead and prove: 1) an illegal, improper or unauthorized use of a court process Defendants; 2) an ulterior motive or an ulterior purpose; and 3) resulting damage to Plaintiff. *Jacobsen v. Garzo*, 149 Vt. 205, 208 (1988). As the Vermont Supreme Court has noted,

> [e]ven if used to satisfy malicious intentions, "the *proper* use of ... legal process ... is not actionable." *Jacobsen v. Garzo*, 149 Vt. 205, 207 (1988)

(quotation omitted). Filing a frivolous lawsuit therefore cannot itself be the predicate for a claim; the tort requires that the "processes of the court have themselves been used improperly." *Nashef v. AADCO Medical, Inc.,* 947 F.Supp.2d 413, 421 (D.Vt.2013) (citations omitted). Accord *Savino v. City of New York,* 331 F.3d 63, 77 (2d Cir. 2003) (New York has "made clear that a malicious motive alone ... does not give rise to a cause of action for abuse of process") (quotation omitted); *Doctor's Assocs. v. Weible,* 92 F.3d 108, 114 (2d Cir.1996) (holding that under Connecticut law, "no matter what misconduct by the tortfeasor occurs before the commencement of suit, it is not, in itself, an abuse of process because there is not yet process to abuse"); *Bus. Publ'ns, Inc. v. Stephen,* 140 N.H. 145, 666 A.2d 932, 933 (1995) ( "[T]he general rule is that the initiation of vexatious civil proceedings known to be groundless is not abuse of process." (quotation omitted) (emphasis removed)).

*Weinstein v. Leonard*, 2015 VT 136, ¶ 22.

H. Absolute prosecutorial immunity applies to the claims against the State and against Deputy State's Attorneys Nevins and Plunkett for their prosecutorial actions

Plaintiff's nonconclusory claims against DSAs Nevins and Plunkett all relate directly to the initiation and pursuit of prosecutions of Plaintiff by the State of Vermont. The claims involve prosecutorial actions such as the filing of criminal charges, participation in discovery and pretrial litigation, plea bargaining, evidence presented at trial and sentencing, dismissal of proceedings, and responding to post-judgment motions. These are *all* core prosecution functions for which DSAs Nevins and Plunkett are immune from suit. *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018). Claims against the State for this conduct are similarly barred. *Huminski*, 173 Vt. at 520.

I. Plaintiff has failed to state a claim upon which relief can be granted with respect to his claims against DSA Nevins regarding the matter of *State v. Rivard*, No. 22-CR-02211

Plaintiff's non-conclusory claims regarding DSA Nevins and the matter of *State v. Rivard*, No. 22-CR-02211, appear to relate to DSA Nevins' involvement as the victim in the matter not as a prosecutor. The exact nature of the claim is unclear. However, to the extent that Plaintiff asserts a claim arising out of any complaint made by DSA Nevins to the police, such statements are absolutely privileged. *Talandar v. Manchester-Murphy*, 2024 VT 86, ¶ 22. Plaintiff cannot prevail on a claim of malicious prosecution since the matter did not terminate in his favor – he acknowledges he was convicted of Disorderly Conduct. Additionally, Plaintiff has not alleged any facts involving an illegal, improper or unauthorized use of a court process by DSA Nevins in the matter. Defendant fails to state claims for malicious prosecution or abuse of process upon which relief can be granted.

J. ORDER

Defendants' motion is GRANTED. The matter is dismissed with prejudice.

Electronically signed: 9/9/2025 1:46:52 PM pursuant to V.R.E.F. 9(d)

_____
John R. Treadwell
Superior Court Judge